# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE,<br><br>   Plaintiff,<br><br>   v.<br><br>KATHLEEN ALLISON, et al.,<br><br>   Defendants.<br>_____ / | CASE NO. 1:11-cv-00947-BAM PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM (ECF No.1)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF (ECF Nos. 15, 16)<br><br>THIRTY-DAY DEADLINE |

**I.   Screening Requirement**

Plaintiff Matthew Alan Lawrie ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are Plaintiff's complaint, filed May 25, 2011, and two motions for injunctive relief, filed December 12, 2011, and December 15, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II.     **Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Substance Abuse Treatment Facility in Corcoran. Plaintiff brings this suit against Defendants Warden Kathleen Allison, Attorney General Kamala Harris, and Governor Jerry Brown claiming deliberate indifference to medical needs in violation of the Eighth Amendment. Plaintiff alleges that he needs surgery to repair both of his shoulders and a herniated disk. Plaintiff states he brings this action on behalf of himself and other inmates who require medical care. Plaintiff requests an overhaul of the prison system by the Federal Bureau of Investigations, all inmates with inmate grievances regarding healthcare receive healthcare to their satisfaction, and monetary damages.

Initially, Plaintiff states that he brings this action on behalf of other inmates. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiff.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

1  Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations
2  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129
3  S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere
4  conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

5  　　　　Plaintiff fails to state a claim against Defendants Allison, Harris and Brown based upon their
6  supervisory positions.  Government officials may not be held liable for the actions of their
7  subordinates under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government
8  official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff
9  must plead that the official has violated the Constitution through his own individual actions.  Id. at
10 1948.  Plaintiff's complaint is devoid of any facts linking any named defendant to any act or failure
11 to act that violated Plaintiff's constitutional rights.

12 　　　　"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
13 must show "deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096
14 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two
15 part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by
16 demonstrating that failure to treat a prisoner's condition could result in further significant injury or
17 the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
18 deliberately indifferent."  Jett, 439 F.3d at 1096.

19 　　　　Deliberate indifference is shown where the official is aware of a serious medical need and
20 fails to adequately respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir.
21 2010).  "Deliberate indifference is a high legal standard."  Simmons, 609 F.3d at 1019; Toguchi v.
22 Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which
23 he could make an inference that "a substantial risk of serious harm exists" and he must make the
24 inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).  While Plaintiff
25 alleges that he has a medical need, he fails to set forth factual allegations to support a claim that any
26 named defendant was aware of his medical need and failed to respond.  Plaintiff fails to state a
27 cognizable claim as he has not linked any named defendant to a failure to respond to his serious
28 medical needs.  Iqbal, 129 S. Ct. at 1949.

Plaintiff seeks an order for the Federal Bureau of Investigations to overhaul and oversee operations of the prison and all inmates with medical appeals to receive complete healthcare satisfaction. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

As explained above, Plaintiff may not seek relief for inmates other than himself in this action. Additionally, the Federal Bureau of Investigations is not a party to this action. The Court does not have jurisdiction over non-parties to an action and the injunctive relief Plaintiff requests in his complaint is not cognizable.

### III.     Motion for Injunctive Relief

Plaintiff files two motions for injunctive relief claiming that he has severe neck pain and seeks back surgery. Plaintiff states that the pain is so severe that it is causing him to have chest pain and increased blood pressure. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

4

fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

Plaintiff's complaint is being dismissed, with leave to amend, because he has failed to state a cognizable claim. Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S. Ct. at 1149; Mayfield, 599 F.3d at 969. Therefore, Plaintiff's motions for a preliminary injunction are denied, without prejudice.

However, given the seriousness of the allegations in Plaintiff's motion and their relatedness to the legal issues in this case, the Court will, by separate order, notify the Receiver's Office of Plaintiff's claims that he is being denied adequate medical care.

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All

causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed May 25, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Plaintiff's motions for injunctive relief, filed December 12, 2011, and December 15, 2011, are DENIED, without prejudice;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **December 20, 2011**            /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE